STATE OF NORTH CAROLINA v. FRANK LEE EVANS

No. 7028SC649

(Filed 30 December 1970)

Larceny § 8— larceny of automobile — defense of intoxication — instructions
    on intent
        In a prosecution for the larceny of an automobile, wherein the
    defendant contended that he was so intoxicated at the time of the
    alleged offense as to be incapable of forming a criminal intent, the
    trial court erred in instructing the jury that the intent in a larceny
    case is inferred from the commission of the act and that the defendant

would not be entitled to acquittal upon his plea of drunkenness if he committed the alleged larceny and had sufficient knowledge to comprehend the nature and consequences of his act, since the instruction precluded the jury from considering the possibility that the defendant might have had sufficient knowledge to comprehend the nature and consequences of his act in driving the automobile and never at any time have formed the intent to deprive the owner of her automobile permanently.

APPEAL by defendant from *Beal, J.,* 20 July 1970 Criminal Session of BUNCOMBE Superior Court.

Defendant was indicted for larceny of an automobile of the value of $700.00. He pleaded not guilty.

The State's evidence, which included testimony of an investigating officer as to statements made to him by the defendant, tended to show: On 26 June 1970 defendant, who lived in Haywood County, was employed on a road construction job near Weaverville in Buncombe County. His method of transportation to and from work was for his wife to bring him from Haywood County to the Enka section in Buncombe County in the morning, and at that point he got a ride with a fellow employee to the job site. At the end of the shift he would ride with the other employee back to Enka, where his wife would pick him up. While on the job on the morning of 26 June 1970, he offered to buy gas if a fellow employee would take him in an automobile to get his check cashed. The automobile involved belonged to his fellow employee's mother. When his fellow employee took him to get his check cashed, defendant went to a beer store and came back with two six-packs of beer. Later in the day, defendant had some difficulty with his supervisor and shortly after lunchtime his employment terminated. Defendant had no transportation home. He walked from the job site to where the car was parked, got in, and sat down. He noticed the keys were in the car, and he turned the switch on and listened to the radio. After a short time he decided to take the car and go get a beer. He drove in the car to several beer joints, and then decided to go on home to Haywood County. On the way, he was involved in a collision near the entrance to the American Enka Corporation plant. He went with the driver of the other vehicle to a gas station across the road and called the State Highway Patrol. Before a patrolman arrived, defendant drove the car away toward his home in Haywood County. Near Canton he ran off an embankment, wrecking the car and receiving injuries for which he was hospitalized. No one had given him permission to take the car.

Defendant testified that his fellow employee had agreed to take him home at quitting time and had given him permission to go get another half case of beer; that he had been drinking heavily; that he drove to a drive-in, where he drank six or eight more beers and got a six-pack to go, and that was the last thing he remembered until he woke up in the hospital four days later.

The jury found defendant guilty as charged, and from judgment imposing prison sentence for a term of three years, defendant appealed.

*Attorney General Robert Morgan, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin for the State.*

*Dennis J. Winner for defendant appellant.*

PARKER, Judge.

In the course of the charge to the jury, the trial court instructed the jury concerning defendant's contention that he was so intoxicated as to be incapable of forming a criminal intent. The charge then contains the following instruction, to which defendant excepts:

"The Court further charges you, however, that in a case such as this the intent is inferred from the commission of the act; therefore, if the defendant in the instant case committed the crime charged in the bill of indictment and had sufficient knowledge to comprehend the nature and consequences of his act, he would not be entitled to acquittal upon this plea of drunkenness."

Defendant's exception is well taken. The only act involved was defendant's act in driving the automobile, as to which no question was raised. His intent in performing that act was all important and was the only real question for the jury to determine. He may well have had "sufficient knowledge to comprehend the nature and consequences of his act" in driving the automobile and yet never at any time have formed the felonious intent to deprive the owner of her property permanently. Such an intent was an essential element of the crime with which he was charged. While in other portions of the charge the court correctly instructed the jury as to the essential elements of the crime, the jury may have understood from the portion of the charge excepted to that felonious intent must be inferred un-

less they should find defendant was so drunk that he did not have "sufficient knowledge to comprehend the nature and consequences of his act" in driving. Because the jury may have been misled in determining the crucial question in this case, defendant is entitled to a new trial.

The case is remanded for a new trial. We observe, however, that the evidence in this case more strongly suggests that defendant may have been guilty of the misdemeanor described in G.S. 20-105, rather than of felonious larceny.

New trial.

Chief Judge MALLARD and Judge GRAHAM concur.